By THR Court.
The plaintiff’s action was not barred. The time within which such action may be commenced, is six *440 years after the cause of action accrues. Hawkins v. Furnace Co., 40 Ohio St., 507. When the creditor’s right of action is otherwise complete, his cause of action against the stockholders accrues upon the insolvency of the corporation'. By insolvency, however, is not meant, simply that the property of the corporation is insufficient to pay its debts. We have heretofore held, that a creditor of a corporation may commence an action against its stockholders to enforce their statutory liability, when his claim has been reduced to judgment, and execution issued thereon has been returned no property whereon to levy, or, when the property of the corporation has been transferred to an assignee for the benefit of its creditors. Morgan v. Lewis, 46 Ohio St., 1; Barrick v. Gifford, 47 Ohio St., 180. Under the constitution and laws of the state, the corporate property is the primary fund for the payment of the debts of the corporation, and the statutory liability of the stockholders is a security to be resorted to only when the payment of its debts cannot be enforced against its property; and hence, to set the statute of limitations running against the creditor and in favor of the stockholders, it is necessary that the creditor’s claim be reduced to judgment and execution returned' unsatisfied, or, that the property of the corporation, by some legal proceeding, be put in process of application to the payment of its debts, so as to render judgment and process against it impossible or nugatory; as, where the corporation has been dissolved, or thrown into bankruptcy, or placed in the hands of a receiver, or has made an assignment of its property for the benefit of its creditors.

Judgment reversed.